```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
MANHATTAN GLOBAL INVESTMENTS LLC,               :
                                                :
                        Plaintiff,              :
                                                :         25 Civ. 3273 (JPC)
        -v-                                     :
                                                :              ORDER
SYNERGISTIC MEDIA LLC, et al.,                  :
                                                :
                        Defendants.             :
                                                :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On June 12, 2025, the Court granted a motion for Plaintiff's former counsel to withdraw from this action, based on counsel's representations of irreconcilable conflicting views as to the handling of this litigation and Plaintiff's failure to provide an additional retainer after the Court's denial of preliminary injunctive relief. Dkt. 15; *see* Dkt. 14. In that Order, the Court cautioned Plaintiff that it may not proceed in federal court *pro se*, set a deadline of June 27, 2025 for Plaintiff to retain new counsel, and warned that the Court may dismiss this action for failure to prosecute if new counsel did not appear on Plaintiff's behalf by that deadline. *Id.* In addition, the Court stayed Defendants' deadline to respond to the Complaint pending Plaintiff's retention of new counsel. *Id.*

On June 27, 2025, Mr. Anjum Malik, who represented to be Plaintiff's "Founding Managing Member," filed a letter asking the Court to extend the deadline for Plaintiff to retain counsel by at least two months. *See* Dkt. 18. The Court granted an extension and cautioned that, "[i]f counsel has not appeared on Plaintiff's behalf by August 15, 2025, the Court may dismiss this action for failure to prosecute under Federal Rule of Civil Procedure 41(b)." Dkt. 19. After a second extension request, *see* Dkt. 20, the Court again extended Plaintiff's deadline. Dkt. 21 at 2. In doing so, the Court stated that "[n]o further extensions of this deadline will be granted absent

extraordinary circumstances.  If counsel has not appeared on Plaintiff's behalf by October 1, 2025, this action will be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)."  *Id.*  Plaintiff has not retained new counsel, and counsel for Defendants have requested that the Court dismiss the action without prejudice, pursuant to its prior orders.  *See* Dkt. 22.[1]

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b).  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court.").  Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (quoting *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).  No single factor is dispositive.  *Id.*

Here, the five factors point toward dismissing Plaintiff's case without prejudice.  The first "weighs in favor of dismissal if the delays 'are entirely attributable to plaintiff.'" *Vidales v. Sergio's on the Blvd Pizzeria, Inc.*, No. 19 Civ. 1840 (ILG) (ST), 2021 WL 3742765, at *2 (E.D.N.Y. Aug.

---

[1] The Court intended to dismiss this action without prejudice for failure to prosecute independent of Defendants' request for dismissal that was submitted earlier today.  *See* Dkt. 22.

5, 2021) (quoting *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)), *report and recommendation adopted*, 2021 WL 3741573 (E.D.N.Y. Aug. 24, 2021). Plaintiff's failure to retain new counsel was his own doing, and he has been afforded multiple opportunities to retain counsel. And given that courts have held that a delay of three months, as here, is sufficient to support dismissal, *see Caussade*, 293 F.R.D. at 629-30, this factor weighs in favor of dismissal. Second, the Court warned Plaintiff multiple times that failure to comply by retaining new counsel would result in the case being dismissed without prejudice. *See* Dkts. 15, 19, 21. Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable." *Drake*, 375 F.3d at 256. But "in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Caussade*, 293 F.R.D. at 630. Plaintiff has not shown any effort to retain new counsel in the period since the Court granted his last extension—which was two months after the Court granted his previous counsel's withdrawal. Meanwhile Defendants' obligation to answer the Complaint has been stayed. The Court finds that further delay in determining whether this litigation will proceed, particularly where the litigation was commenced over seven months ago on March 18, 2025, in New York Supreme Court, New York County, Dkts 1, 1-1, would prejudice Defendants. Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Mahoney v. City of New York*, No. 12 Civ. 6717 (PKC), 2013 WL 5493009, at *2 (S.D.N.Y. Oct. 1, 2013). And lastly, fifth, the Court has further considered the possibility of a less drastic sanction than dismissal; indeed, the Court granted Plaintiff two extensions to comply with the Court's orders as a less drastic sanction than dismissal. However, "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Urgiles v. Dep't of Corr. of N.Y. State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19,

2021). But mindful of the need to consider less drastic sanctions, the Court declines to dismiss this case with prejudice, and instead dismisses without prejudice.

The Court therefore dismisses this case without prejudice. The Clerk of Court is respectfully directed to enter judgment and to close this case.

SO ORDERED.

Dated: October 3, 2025
       New York, New York

_____
JOHN P. CRONAN
United States District Judge